UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerry T. Irwin, | Case No. 20-CV-1521 (NEB/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Shydock, officer; Brian Ninneman, unit director; Shelby Halverson, officer; and Britt Anderson, officer, | |
| Defendants. | |

Plaintiff Jerry T. Irwin, a client of the Minnesota Sex Offender Program ("MSOP"), alleges that MSOP officials impeded his access to the courts by seizing paperwork related to other litigation that he has previously initiated in this District. Irwin did not pay the filing fee for this litigation, instead applying for *in forma pauperis* ("IFP") status. [Doc. No. 2.] The IFP application must be reviewed before any other action is taken in this matter.

After review, this Court concludes that Irwin qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*,

1

511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Irwin alleges that he received in the mail a document intended for another MSOP client and sent by that client's attorney.  (Compl. ¶ 12 [Doc. No. 1].)  Upon receiving the document, Irwin notified defendant Steve Shydock, an officer at MSOP, about what had happened.  (*Id.* ¶ 13.)  Rather than turn the documents over to Shydock or anyone else at MSOP, though, Irwin decided to use the misdirected mail as a bargaining chip: Irwin would turn over the mail, he said, if Shydock agreed to "work with [him]" regarding an unrelated disciplinary matter that was pending against him.  (*Id.* ¶ 15.)  The move backfired.  Irwin was made subject to *another* disciplinary proceeding on account of his attempted negotiation with Shydock (*id.* ¶ 23) and his room was searched for the mail at issue (*id.* ¶ 31).  A document was also seized by MSOP officials, Irwin claims, but the document was not the correct one.  Instead, the document that MSOP officials mistakenly seized "was a document that [he] was working on . . . designed to be sent to the court house as an answer to a response to [a] Motion to Dismiss."  (*Id.* ¶ 32.)

It is not entirely obvious from the pleading what specific legal claims Irwin is attempting to raise based on those factual allegations.[1] The lone legal theory mentioned in the complaint is that the seizure "lead [sic] to actions that can affect a court case that is still in process" (Compl. at 1), suggesting that Irwin seeks relief based on an alleged denial of access to the courts. But to succeed on a claim of denial of access to the courts under 42 U.S.C. § 1983, Irwin must establish that he suffered an actual injury resulting from the denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). This, in turn, requires establishing "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Irwin does not allege that any legal claim of his, meritorious or otherwise, has been hindered due to the actions of the MSOP officials. Indeed, the earlier lawsuit cited by Irwin in the complaint remains pending, *see Irwin v. Miles*, No. 20-CV-0755 (JRT/ECW) (D. Minn.), and his memorandum in response to the defendants' motion to dismiss in that matter was filed within the time limits established by this District's Local Rules, *see id*., Doc. No. 36 (filed June 12, 2020); D. Minn. L.R. 7.1(c). Without plausible allegations of actual injury resulting from the seizure of the legal document, Irwin cannot go forward on a claim that he was denied access to the courts.

The true impetus for this lawsuit appears not to be the seizure of the document at issue, but an earlier dispute between Irwin and MSOP officials. Irwin had on a different occasion received mail not intended for him, and he alleges that MSOP officials agreed to

---

[1] Irwin states in the "Claims" section of his complaint that "I believe I have everything covered accurately and confidently to leave this blank." (Compl. ¶ 35.)

reward him for his honesty in notifying them about the mistake by "giving him a brake [sic]" on a disciplinary proceeding. (Compl. ¶ 6.) Irwin believes that the MSOP officials later broke that agreement. Much of the relief sought in the complaint is more directly related to this earlier dispute, not the alleged denial of access to the courts (*see* Compl. ¶¶ 37-41). Irwin's complaint is entitled to a broad interpretation, but the events surrounding this earlier dispute, however construed, simply do not amount to a violation of federal law, *see* 28 U.S.C. § 1331, and Irwin has not alleged a basis for concluding that the Court has original jurisdiction over any state-law claims, *see* 28 U.S.C. § 1332(a).

Accordingly, it is recommended that this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Due to the early stage at which this dismissal is recommended, and out of an abundance of caution that a repleading of the complaint may not prove futile, this Court recommends that the action be dismissed *without* prejudice. That said, this Court also recommends that Irwin's motion for appointment of counsel [Doc. No. 4] be denied, as Irwin has presented the factual allegations underlying his pleading with reasonable clarity and there simply does not appear to be a basis upon which Irwin may pursue relief in this venue. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). Under the circumstances, appointment of counsel would not seem to provide much, if any, benefit to either Irwin or the Court.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Jerry T. Irwin's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

3. Irwin's motion for appointment of counsel [Doc. No. 4] be **DENIED**.


Dated: September 9, 2020       s/ *Hildy Bowbeer*
                               Hildy Bowbeer
                               United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).